**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| RALPH T. BYRD, *et al.* | * | |
| Appellants, | * | |
| v. | * | Civil Action No. AW-06-0895 |
| TIMOTHY P. BRANIGAN, *et al.* | * | |
| Appellees. | * | |

\* \* \* \* \*

**MEMORANDUM OPINION**

This appeal arises from several orders of the United States Bankruptcy Court for the District of Maryland. In particular, Appellants Ralph T. Byrd and Beverly S. Byrd ("Appellants" or "the Byrds") contend that the bankruptcy court erred when it denied confirmation of their amended Chapter 13 plan and when it converted the case from Chapter 13 to Chapter 7. Appellees have filed a Motion to Dismiss for Lack of Jurisdiction pursuant to 28 U.S.C. § 158 (a) [5]. Appellants have filed an Emergency Motion to Stay Pending Appeal [9] and a Motion to Shorten Time for Appellees to Respond to Appellants' Emergency Motion To Stay Pending Appeal [10]. This Court has reviewed the entire record, as well as the Pleadings with respect to the appeal. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, this Court will GRANT Appellees' motion to dismiss for lack of jurisdiction and dismiss the appeal.

**FACTUAL & PROCEDURAL BACKGROUND**

The Appellant, Ralph T. Byrd, is a Maryland attorney who is appealing *pro se* in this matter. On December 14, 2001, Mr. Byrd was forced into an involuntary Chapter 7 bankruptcy. Roger

1

Schlossberg was appointed the Chapter 7 trustee, and Shulman Rogers was appointed special counsel. Throughout the course of the bankruptcy proceeding, Mr. Byrd challenged the trustee's administration of the estate. The case was appealed up to the Fourth Circuit, *see In re Ralph T. Byrd*, 357 F.3d 433 (4th Cir. 2004), and remanded back to the bankruptcy court.

On June 25, 2004, when the Chapter 7 case was pending, Mr. Byrd voluntarily converted his Chapter 7 case to Chapter 11. On July 23, 2004, Gregory Johnson was appointed the Chapter 11 trustee. Shortly after, Shulman Rogers was again appointed special counsel for Johnson. Like the previous trustee, Johnson encountered difficulty in administrating the estate.[1] Johnson had to file multiple motions to seek a Writ of Assistance to gain access to the property. Nevertheless, Johnson successfully obtained an offer from a prospective buyer and arranged to sell the property before December 1, 2004.

At that time, Mr. Byrd attempted to convert the case for the second time. On November 11, 2004, his wife, Beverly Byrd, filed a petition under Chapter 13 of the bankruptcy code. The petition was granted, and Mr. Byrd's Chapter 11 case was consolidated into his wife's Chapter 13 case upon consent. However, the Appellants' Chapter 13 plan was denied on January 20, 2006. The case was subsequently converted back into Chapter 7 on March 20, 2006. On March 30, 2006, the Appellants filed a motion to reconsider and stay order converting case, which the bankruptcy court denied on April 14, 2006.

The two orders presently in dispute are the bankruptcy court's order denying confirmation of the amended Chapter 13 plan without leave to amend ("Confirmation Order") and the order

---

[1] For example, when Johnson attempted to show the property to a prospective purchaser, he was allegedly assaulted by Mr. Byrd's unrestrained doberman pinscher.

converting the case from Chapter 13 to Chapter 7 ("Conversion Order").  On May 9, 2006, Appellees filed a motion to dismiss for lack of jurisdiction pursuant to 28 U.S.C. § 158 (a). Appellants responded by opposing Appellees' motion to dismiss.  Furthermore, on June 19, 2006, the Appellants filed an emergency motion to stay pending appeal and an emergency motion to shorten time for Appellees to respond to Appellants' emergency motion to stay pending appeal. Appellees oppose both the motions to stay and shorten time.  All pending motions are ripe, and the Court now issues this opinion.

## STANDARD OF REVIEW

The Court has jurisdiction over appeals from the bankruptcy court in this district pursuant to *28 U.S.C. § 158*. *See In re. Jackson*, 190 B.R. 808, 810 (W.D. Va. 1995); *In re Fraidin*, 188 B.R. 529, 532 (D. Md. 1995).  While an order dismissing a bankruptcy case is a final order appealable by right, orders denying a motion to dismiss are interlocutory in nature and are only appealable by leave of the court.  *See In re. Jackson*, 190 B.R. at 810; *In re Hebb*, 53 B.R. 1003 (D. Md. 1985). While *§ 158* offers no guidance as to how district courts should exercise their discretion in granting interlocutory appeals, most courts have analogized to the standards set forth in *28 U.S.C. § 1292(b)*, the statute governing discretionary appeals of interlocutory orders in non-bankruptcy cases.  *In re Hebb*, 53 B.R. at 1006.  The analysis concerns "(1) whether the order involves a controlling question of law as to which there is substantial ground for difference of opinion; and (2) whether immediate appeal would materially advance the termination of the litigation."  *Id.*

## ANALYSIS

*1.    Confirmation Order*

The first question is whether this Court has jurisdiction to review the bankruptcy court's

3

Confirmation Order at this time. District courts have jurisdiction over appeals from final orders entered by bankruptcy courts. *See* 28 U.S.C.A. § 158(a). "A final decision generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (internal quotation marks omitted). In determining whether an order is interlocutory or final, courts generally consider whether further bankruptcy court action is contemplated, delay to the parties, and if the decision is reversed, whether the entire proceeding would have to be revisited. GINSBERG & MARTIN ON BANKRUPTCY, § 1.04[B] at 1-70 (1998) (comparing examples of orders that have been found to be interlocutory with examples of final orders). In contrast, an interlocutory order is one which does not finally determine a cause of action, but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken to enable the court to adjudicate the cause on the merits. *United States v. O'Donnell (Matter of Abingdon Realty Corp.),* 634 F.2d 133 (4th Cir. 1980).

An order denying confirmation of a proposed Chapter 13 plan, without also dismissing the underlying petition or proceeding, is not final for purposes of appeal. *Lewis v. United States, Farmers Home Admin.,* 992 F.2d 767, 772-73 (8th Cir. 1993); *In re Szekely*, 936 F.2d 897, 899 (7th Cir. 1991); *In re Simons*, 908 F.2d 643, 644-45 (10th Cir. 1990). This Court has addressed this very issue in a previous case involving the same parties. Just as the Court stated then, the Court still finds that converting a case from Chapter 13 to Chapter 7 does not "conclude" the underlying action. When a bankruptcy court denies confirmation of a Chapter 13 plan and converts the case into another chapter, the bankruptcy court has tasks remaining to be performed after the conversion. *McConnell v. NWA Credit Union*, 303 B.R. 169, 172 (B.A.P. 8th Cir. 2003). In the case at bar, there are numerous motions pending in the bankruptcy court. The underlying action is far from being

over.

Even though the standard for finality of bankruptcy orders is relaxed from that of non-bankruptcy district court orders under 28 U.S.C. § 1291, *see A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1009 (4th Cir. 1986), the order in this case is not a final order because it does not resolve the litigation, decide the merits, settle liability, establish damages, or determine the rights of even one of the parties to the bankruptcy case. *Cf. Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (concerns finality under § 1291); *Caitlin v. United States*, 324 U.S. 229, 233 (1945) (same). Here, the bankruptcy court's order denying confirmation of the amended Chapter 13 plan without leave to amend was not a final order under § 158(a). Therefore, in regard to the Confirmation Order, because the underlying bankruptcy proceeding has not yet concluded, and because the bankruptcy court's order is interlocutory, this Court is without jurisdiction to hear the appeal.

*2.   Conversion Order*

On March 20, 2006, upon the motion of the Appellees, the bankruptcy court entered an order converting the case from Chapter 13 to Chapter 7. On March 30, 2006, Appellants filed a timely motion to reconsider, thereby extending the time to appeal the Conversion Order until 10 days after disposition of the motion to reconsider. On April 14, 2006, the bankruptcy court entered an order denying Appellants' motion to reconsider the Conversion Order. Accordingly, pursuant to Fed. R. Bankr. P. 8002(b), they had until 10 days later, April 24, 2006, to note an appeal. On April 24, 2006, instead of filing a separate notice of appeal regarding the Conversion Order, Appellants merely filed an amended notice of appeal to include the Conversion Order to the original notice of appeal as to the Confirmation Order. Furthermore, on April 25, 2006, the Appellants filed a corrected amended notice of appeal. Therein, Appellants sought to amend their notice of appeal

filed on March 20, 2006, in which they appealed the bankruptcy court's Confirmation Order.

In the corrected amended notice of appeal, the Appellants sought review of the Conversion Order and the Confirmation Order. Appellees argue that the Court lacks jurisdiction because the Appellants' amended notice of appeal was filed on April 25, 2006 rather than April 24, 2006 (10 days from the bankruptcy court's order denying Appellants' motion to reconsider), thereby making Appellants' amended notice late and therefore jurisdictionally problematic. Appellees' argument in raising jurisdictional problems, as to the timely filing of Appellants' Conversion Order, lacks convincing persuasion because Appellants' amended notice of appeal was, in fact, timely filed on April 24, 2006 to include the additional appeal as to the Conversion Order in it. However, it is Appellees' auxiliary claims, as to the jurisdictional problems with Appellants' failure to file two separate notice of appeals to substantiate the two separate orders in question, as well as their failure to pay two separate filing fees, that this Court finds compelling. Therefore, the Court finds it necessary to review these ancillary claims.

Appellees suggest that, perhaps, Appellants filed the notice as a corrected amended notice of appeal to avoid paying the filing fee associated with an appeal. Appellees assert that the Appellants have erred procedurally by failing to pay a separate filing fee of the Conversion Order in violation of the bankruptcy code.[2] Under the Federal Rules of Bankruptcy Procedures, an

---

[2] Fed. R. Bankr. P. 8001 (a) appeal as of right; how taken: An appeal from a judgment order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. §158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal. The notice of appeal shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys,

appellant's notice of appeal must "be accompanied by the prescribed fee." Fed. R. Bankr. P. 8001(a). *See also* 28 U.S.C. § 1930. Appellants failed to pay the filing fee as required by Rule 8001(a). Appellants do not disagree that they have failed to pay the fee. Rather, the record reveals that the fee is still outstanding, where the Appellants, in their own reply to Appellees' motion, have voluntarily offered that "[i]f the District Court permits this appeal to go forward and deems it necessary for the Appellants to pay an additional filing fee, the Appellants would be happy to do so." However, failure to conform with procedural specifications for notice of appeals may result in dismissal of the appeal if the district court deems such action appropriate. Fed. R. Bankr. P. 8001(a); *See also In re Reimann*, 2003 WL 23531791, *1 (E.D.N.C. 2003) (dismissing an appeal that was unaccompanied by the requisite filing fee). Therefore, in strictly interpreting the plain language of the rule, this Court agrees with Appellees that the Court lacks jurisdiction to review the Conversion Order because Appellants have failed to pay the mandatory fee for filing a notice of appeal for the Conversion Order, a key element to effectuate an effective appeal.

Nonetheless, there are a line of cases that have held that an appellant's failure to pay a filing fee does not necessarily require a mandatory bar from the district court's appellate review of the bankruptcy appeal. *See In re Winner Corp.*, 632 F.2d 658 (6th Cir. 1980) (finding that the notice of appeal from the bankruptcy judge to the district court was still timely filed within the ten days of the bankruptcy judge's order, notwithstanding the fact that the filing fee was not paid before the expiration of the ten-day period); *Lowe's of Virginia v. Thomas*, 60 B.R. 418 (D. Va. 1986) (holding that appellant's failure to promptly pay the filing fee before the expiration of the ten-day period for

---

and (3) be accompanied by the prescribed fee. Each appellant shall file a sufficient number of copies of the notice of appeal to enable the clerk to comply promptly with Rule 8004.

filing a notice of appeal will not preclude the district court from exercising jurisdiction to consider the appeal). But there are unique facts of this case that distinguishes it from other cases. In this case, Appellants not only failed to timely pay a filing fee, but Appellants also have yet to pay the fee. Inasmuch as Appellants have failed to file a separate and effective order, further discussed *infra*, coupled with their failure to pay the mandatory fee for filing a notice of appeal, an essential element to execute a proper appeal, the Court finds that it lacks jurisdiction to review the bankruptcy court's decision as to the Conversion Order.

Assuming *arguendo,* that Appellants' failure to pay the filing fee does not constitute a jurisdictional problem, Appellees further claim that the Appellants still have erred procedurally by failing to file a separate appeal of the Conversion Order in violation of the bankruptcy code.[3] As a consequence, the Appellees contend that the Court lacks jurisdiction to review the Conversion Order. An amended notice of appeal may be filed under certain circumstances. For example, if a party files a notice of appeal before the court rules on a timely filed motion to reconsider, the notice of appeal may be amended to include review of the court's decision on the motion to reconsider. *See* 10 COLLIER ON BANKRUPTCY, ¶ 8002.08 at 8002-14. Here, the Appellants sought to amend the notice of appeal to include a completely different order. In *In re Rozerk Farms, Inc.*, the district court found that "an appellant must file a separate notice of appeal for each bankruptcy court's final order or judgment with which the appellant disagrees." *In re Rozerk Farms, Inc.,* 139 B.R. 463 (E.D.Mo. 1992).

In the *In re Rozerk Farms, Inc.* case, the district court considered whether the appellant's statement of issues and designation of record on appeal, pursuant to Rule 8006, could substitute a

---

[3]*Id.*

notice of appeal pursuant to Rule 8001(a).  The court held that even a liberal interpretation of the rules could not transform the papers filed pursuant to Rule 8006 into a notice of appeal conforming substantially to the Official Form.  The procedural requirement of taking a bankruptcy appeal are quite specific.  Bankruptcy Rule 8001(a) explicitly states that one step that an appellant must take in order to have a valid appeal, is to file a timely notice of appeal.  The bankruptcy rules for filing a notice of appeal are mandatory and jurisdictional.  Failure to file a timely notice of appeal deprives the district court of jurisdiction to review a bankruptcy court's final order of judgment.  Furthermore, an appellant must file a separate notice of appeal for each bankruptcy court's final order or judgment with which the appellant disagrees.  As a result, Appellees argue, and the Court agrees, that the initial notice was ineffective to effect an appeal.

Appellants suggest that they knowingly filed an amended notice of appeal to include the Conversion Order rather than filing two separate notices of appeal.  They claim if they had filed a separate notice of appeal on April 24, 2006, the appeal could have been assigned to another Judge.  Furthermore, Appellants argue they chose to amend their March 20, 2005 notice of appeal to include the Conversion Order, rather than filing a new notice of appeal, in order to permit both appeals to be heard by this Court and in the interests of judicial economy.  This Court does not find these reasons compelling.  Failure of an appellant to take any steps other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is grounds only for such action as the district court deems appropriate, which may include dismissal of appeal.  *See In re Rozerk Farms, Inc.,* 139 B.R. 463 (E.D.Mo. 1992).  The notice of appeal shall conform substantially to Official Form No. 35 and contain the judgment, order, or decree appealed from.

A bankruptcy case is not like a civil case.  Often, there are many parts of the bankruptcy

9

proceedings that can be appealed to the district court while other matters continue to be litigated by the bankruptcy court. *See generally In re Hospital Gen. San Carlos, Inc.* 83 B.R. 870, 873 (D.P.R. 1988). While Appellants may think it unfair and a waste of time to file a separate notice of appeal each time the bankruptcy court enters a final order with which it disagrees, fundamental fairness requires that opposing parties and the Court receive notice when a party desires to initiate an appeal. *See In re Frontier Airlines Inc.,* 108 B.R. 277 (D.Co. 1989). To hold otherwise would eliminate the finality of bankruptcy orders and frustrate the central policy of the bankruptcy laws to promote the expedient administration of the bankrupt estate. *See Galt v. Jericho-Britton (In re Nucorp Energy, Inc.)*, 812 F.2d 582, 584 (9th Cir. 1987). Accordingly, as to the Conversion Order, because Appellants have failed to file a notice of appeal, separate from the notice appealing the Confirmation Order, the jurisdictional defect bars appellate review by this Court. Appellees' motion to dismiss for lack of jurisdiction is, therefore, GRANTED.

## **CONCLUSION**

For all of the aforementioned reasons, the Court will GRANT Appellees' Motion to Dismiss for Lack of Jurisdiction [5]. Because the motion to dismiss is granted, and the case is dismissed, there is no need to reach the merits of the other motions and therefore, the Court will DENY Appellants' Motion for Stay [9], and DENY Appellants' Motion to Shorten Time [10]. An Order consistent with this Opinion will follow.

Date:  November 29, 2006                            /s/
                                            Alexander Williams, Jr.
                                            United States District Court Judge